[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings these administrative appeals from decisions of the Freedom of Information Commission (FOIC) finding that the Connecticut Resource Recovery Association (CRRA) had not violated the Freedom of Information Act (FOIA). Such appeals are authorized pursuant to General Statutes § 1-21i(d) and the CT Page 1096 Uniform Administrative Procedures Act (UAPA), § 4-166 et seq.
In Docket No. 97-0567176 the plaintiff requested in his letter dated December 25, 1995, copies of the following specified information:
 a) bids submitted to the respondent authority ("CRRA") by Signal Environmental Systems, Inc. and Combustion Engineering, Inc. for the project;
 b) documentation which evidences a conflict of interest regarding First Boston Corporation's role as a member of the evaluation panel and investment banker for the project;
 c) documentation which evidences the vendor selection and approval processes whereby First Boston Corporation was chosen to be the investment banker for the project.
 d) the contract between CRRA and First Boston Corporation for issuance of the Municipal Service Fee Subordinate Lien Bonds (1987 Series A) for the project;
 e) documentation which evidences fee arrangements between CRRA and First Boston Corporation for issuance of the Municipal Service Fee Subordinate Lien Bonds (1987 Series A) for the project;
 f) documentation which evidences payments actually received by First Boston Corporation for its role in the issuance of the Municipal Service Fee Subordinate Lien Bonds (1987 Series A) for the project; and
 g) documentation which evidences other financing arrangements by First Boston Corporation for CRRA other than the issuance of the Municipal Service Fee Subordinate Lien Bonds (1987 Series A) for the project.
In its response dated January 3, 1996, CRRA noted plaintiff's earlier request for these items, and that only items (a) and (d) CT Page 1097 were available after a search of its records. The CRRA further advised plaintiff that the remaining items would require it to perform research which was not required under the FOIA.
The plaintiff appealed the agency's response to the FOIC on January 11, 1996. The FOIC held a hearing on June 11, 1996 at which plaintiff and the CRRA appeared and participated.
In its final decision issued on November 22, 1996, the FOIC found that CRRA had met its obligation to the plaintiff. In addition to providing copies of the records it could identify, CRRA had offered plaintiff access to its files from which information sought could be obtained by his research. Plaintiff continually failed to make and/or keep appointments to review the CRRA files.
Plaintiff initiated this appeal on January 6, 1997. The record was filed on March 11, 1997. Briefs were filed by plaintiff on August 26, 1997 and the FOIC on September 30, 1997. The parties were heard at oral argument on January 26, 1998.
In Docket No. 96-0566436 the plaintiff had again sought information from the CRRA. Plaintiff's request dated February 6, 1996 sought:
 a) those documents that certify or describe the bidding for the redevelopment of the Greater Bridgeport Resource Recovery Project ("project"); and
 b) each annual, quarterly, or other periodic report issued for dissemination to securities holders for the Municipal Fee Subordinate Lien Bonds (1987 Series A for the project initially issued around July 1987) ("reports").
The CRRA replied by letter of February 9, 1996, offering the reports but indicating that the project records would require research not required under the FOIA.
Plaintiff by letter of March 29, 1996, questioned the need for research and requested CRRA annual reports for 1983, 1987, and 1988.
CRRA by letter of April 2, 1996, advised plaintiff that the CT Page 1098 CRRA annual reports were available upon prepayment of copying costs. Following payment of the costs, the reports were forwarded by letter of April 11, 1996.
Plaintiff appealed to the FOIC on April 29, 1996. A hearing was held on August 16, 1996, at which plaintiff and the CRRA appeared and participated. In its decision of November 8, 1996 the FOIC found that CRRA had not violated the FOIA and dismissed the complaint. Plaintiff's motion for reconsideration was denied by the FOIC on December 11, 1996. Once again the FOIC found that the information sought could only be obtained by research, and the plaintiff did not take advantage of opportunities to research CRRA files.
Plaintiff initiated an appeal to the court on December 3, 1996. The Record was filed on February 3, 1997. Briefs were filed by plaintiff on May 5, 1997, and the FOIC on June 13, 1997.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals CT Page 1099Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c.54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
Section 1-19 of the FOIA mandates access to public records, and General Statutes § 1-15 provides for the public's right to copies of public records. There is nothing in either provision or any other section of the FOIA that requires an agency to conduct research for alleged documents not properly identified.
The plaintiff failed in both cases to specifically identify the records he was allegedly seeking.
Plaintiff points out correctly that the FOIC failed to file an answer in this action, but he in no way points out how this is in any prejudices plaintiff. There is no dispute of plaintiff's aggrievement asserted by the FOIC. Pursuant to § 4-183 (j) "the court shall affirm the decision of the agency unless the court finds substantive rights of the person appealing have been prejudiced . . . ."
Plaintiff offers no authority for the claim that his appeals to the FOIC are privileged under § 1-21i(b) (1).[1] The CT Page 1100 cases pursuant to § 1-21i(b)(1) not being privileged were only required to be decided within one year of the filing of the complaints.
Plaintiffs claims of conflicts of interest were baseless and unsubstantiated. "It is presumed that members of administrative boards acting in an adjudicative capacity are unbiased."Jutkowitz v. Dept. of Health Services, 220 Conn. 86, 100 (1991); see, also Petroweski v. Norwich Free Academy, 199 Conn. 231, 236, appeal dismissed, 479 U.S. 802, 107 S.Ct. 42, 93 L.Ed.2d 5
(1986). The party who alleges bias or conflict bears the burden of proving the disqualifying interest. Clisham v. Board of PoliceCommissioners, 223 Conn. 354, 361 (1992). Also, see Halpern v.Board of Education, 45 Conn. Sup. 171, 190-91 (1997). The plaintiff has not satisfied his burden on this claim.
The appeals are dismissed.
Robert F. McWeeny, J.